UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARTIN MALLINGER AND LAWRENCE BENEDICT, BY AND THROUGH THEIR GENERAL PARTNERSHIP**

**CIVIL ACTION**

**VERSUS**

**NO. 17-10758**

**NEAL AUCTION COMPANY, INC.**

**SECTION "B"(5)**

## ORDER AND REASONS

Defendant Neal Auction Company, Inc. moves this Court to dismiss Martin Mallinger and Lawrence Benedict's Complaint, which they filed on behalf of their Partnership, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Rec. Doc. 11. Plaintiff timely filed an opposition. Rec. Doc. 14. Defendant then sought, and was granted, leave to file a reply. Rec. Doc. 19.

For the reasons stated below,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. 11) is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter concerns the sale of a Cindy Sherman photograph by Defendant to Plaintiff in November 2013. Rec. Doc. 1 at 4. Cindy Sherman is an American photographer well known for her portraits, typically arranged in a numbered series. *See id.* at 2-3. In 1980, Sherman created the series "Untitled (#74)," which included a set

1

of five prints, each of which was signed and numbered. *Id.* at 3. At issue in this case is the first photograph in that series.

Mallinger and Benedict formed a partnership to collect artwork as an investment. *Id.* at 4. The Partnership, which is the Plaintiff in this action, alleges that it became interested in purchasing the photograph after Defendant allegedly represented the print as an authorized Cindy Sherman photograph. *Id.* at 3. Specifically, Defendant described the photograph as "a '1980, color photograph, signed and dated en verso, edition of 5, image 16 in. x 24 in., unframed.'" *Id.* at 4 (quoting Defendant's Auction Information).

In November 2013, Defendant held an auction where Plaintiff purchased the photograph for $183,000.00 ("the Photograph"). *Id.* The starting bid for the Photograph was $8,000.00. Rec. Doc. 1-5 at 1. From 2013 until 2016, Plaintiff kept the Photograph in Mallinger's home to allow the Photograph to appreciate in value. Rec. Doc. 1 at 5. Later in 2016, Plaintiff contemplated selling the Photograph and contacted Metro Pictures, a distributor of Cindy Sherman art, for valuation services. *Id.* However, Metro purportedly informed Mallinger that the Photograph was worth significantly less than the purchase price because it was not actually part of the Cindy Sherman series. *Id.* at 5-6; Rec. Doc. 1-9. Metro allegedly explained that the Photograph was stolen from Cindy Sherman. Rec. Doc. 1 at 5. In order to complete the series,

Sherman allegedly replaced the Photograph in the series with a reprint ("the Reprint"). *Id.* Later, the Photograph was purchased by Jon and Tanya Disotell at a storage facility auction. *Id.* The Disotells then consigned the Photograph to Defendant, who subsequently sold it to Plaintiff in the November 2013 auction. *Id.*

Plaintiff alleges that when Sherman replaced the Photograph with the Reprint, the Photograph was no longer "a limited 1 of 5 Sherman photograph." *Id.* Accordingly, Plaintiff seeks rescission of the sales contract or damages for breach of contract. *Id.* at 7. Defendant then filed the instant motion to dismiss. Rec. Doc. 11. Plaintiff opposed the motion (Rec. Doc. 14) and Defendant filed a reply (Rec. Doc. 19).

**LAW AND ANALYSIS**

Pursuant to Federal Rule of Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. When reviewing such motion, a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). While the complaint does not require comprehensive factual allegations, it must include more than mere labels, conclusions, or recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, factual allegations must create a right to relief beyond

speculation. *Id.* Accordingly, a well-pleaded complaint may proceed even it seems that recovery is "very remote and unlikely." *Id.*

To determine whether a complaint states a plausible claim for relief, courts assume the verity of well-pleaded factual allegations and determine whether they plausibly give rise to justifiable relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). A claim is facially plausible if the pleaded facts enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. However, there must be more than a sheer possibility that the defendant acted unlawfully. *Id.* Such analysis is context-specific, requiring courts to use their "judicial experience and common sense." *Id.* at 679. Accordingly, a motion to dismiss hinges on whether the plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff's complaint alleges one claim for rescission of the sales contract and a second claim for breach of the sales contract. First, the rescission claim. Under Louisiana law, a contract is formed by consent of the parties through offer and acceptance. *See* La. Civ. Code art. 1906. However, error, fraud, or duress may vitiate consent. La. Civ. Code art. 1948. Error will only vitiate consent "when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party." La. Civ. Code art. 1949. In

this context, cause means the reason why a party binds itself to the contract. La. Civ. Code art. 1967.

Error that vitiates consent can occur in two ways: either mutually, where both parties are mistaken, or unilaterally, where only one party is mistaken. *Peironnet v. Matador Res. Co.*, 2012-2292 (La. 6/28/13); 144 So. 3d 791, 807. Regardless of the type of error, relief can only be granted where (1) the error affects the cause of the obligation and (2) the other party knew or should have known that the matter affected by the error was the reason it consented to bind itself. *Id.*

If the error is bilateral, then the contract may be rescinded as when the parties misunderstood each other. *Id.* If the error is unilateral, Louisiana courts often decline granting relief to the mistaken party because it "would unjustly injure the other party if he is innocent of the error." *Id.* However, Louisiana courts have granted relief (including rescission) if the non-mistaken party knew or should have known that the matter affected by the error was the reason why the mistaken party entered into the contract. *Id.* at 808-09.

In determining whether to grant rescission for unilateral error, Louisiana courts consider "whether the error was excusable or inexcusable," only granting relief where the error was excusable. *Id.* at 810. Whether or not an error is excusable or inexcusable is made on a case-by-case basis, taking into account

"personal circumstances of the party in error, such as age, experience and profession." *Id.* For example, the Louisiana Supreme Court has stated that "if an experienced collector seeks to avoid the purchase of a painting that was offered to him as attributed to a certain master because it proved not to be an authentic work of that master, the alleged error will be regarded as inexcusable." *Id.* at 811.

That being said, Plaintiff has pled facts sufficient to proceed with its claim for rescission based on error. Plaintiff has pled enough facts to plausibly allege that, although the Photograph and the subsequent Reprint look the same, there is an economic difference between the two that would affect a buyer's decision to enter into a sales contract. *See* Rec. Doc. 1 at 4-5. Moreover, Plaintiff alleges that the reason it entered into the sales contract with Defendant was to purchase a photograph that was part of a Cindy Sherman series. *See* Rec. Doc. 1 at 3-4. Therefore, Plaintiff has adequately pled that any error about whether the Photograph was actually part of a Cindy Sherman series would go to the cause of the sales contract. *See* La. Civ. Code art. 1949.

Plaintiff's complaint also credibly alleges unilateral and bilateral error. Plaintiff repeatedly states that it did not know about the difference between the Photograph and the Reprint until after the sale. *See* Rec. Doc. 1 at 5. Plaintiff's complaint also

states that, upon information and belief, Defendant did not investigate the history of the Photograph. *See id.* at 6. A reasonable inference to draw from this fact is that Defendant did not itself know about the difference between the Photograph and the Reprint, and thought that it was actually auctioning the more valuable Reprint that Sherman actually included in the series. This would be bilateral error. *See Peironnet*, 144 So. 3d at 807.

But the facts pled in Plaintiff's complaint also reasonably suggest that Defendant (1) knew it was selling the less-valuable stolen Photograph and (2) knew, or should have known, that Plaintiff thought it was buying the more valuable Reprint (which was actually part of Sherman's series). *See* Rec. Docs. 1 at 27; 1-5 at 1. Defendant started the bidding at $8,000.00. Rec. Doc. 1-5 at 1. Yet, Defendant sold the Photograph for a vastly higher price (over twenty times the starting bid), possibly putting the Defendant on notice of a misunderstanding about what it was selling. In subsequent marketing materials, Defendant noted that the sales price "[s]oar[ed] above [the] estimate." Rec. Doc. 1 at 7. If true, these facts state a claim for rescission based on unilateral error. Accordingly, Plaintiff has alleged sufficient facts to support a claim for rescission based on bilateral or unilateral error.

Plaintiff also brought a breach of contract claim against Defendant. Under Louisiana law, to establish a breach of contract

7

claim, a plaintiff must show that: (1) the obligor undertook an obligation, (2) the obligor breached by failing to perform the obligation, and (3) the breach resulted in damages to the obligee. *Favrot v. Favrot*, 2010-0986 (La. App. 4 Cir. 2/9/11); 68 So. 3d 1099, 1108-09. Here, the Complaint alleges that: (1) Plaintiff entered into a contract with Defendant for the sale of a signed and authorized Cindy Sherman photograph, numbered "one of five" and titled "Untitled (#74);" (2) Defendant failed to deliver by selling an unauthorized Cindy Sherman photograph; and (3) Plaintiff suffered damages as a result. Accordingly, Plaintiff has alleged sufficient facts to support a claim for breach of contract. *See Favrot,* 68 So. 3d 1099 at 1108-09.

Defendant also advances a pair of defenses, arguing that they absolve Defendant of all liability. But neither is sufficient to warrant dismissal of Plaintiff's complaint at this stage. *See Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017) ("Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint."). First, Defendant argues that it is not liable to Plaintiff because it acted as a mandatary for a disclosed principal. Rec. Doc. 11-1 at 5-6. Under Louisiana law, a mandatary who contracts in the name of the principal does not bind itself personally for performance of the contract. La. Civ. Code art. 3016. Conversely, a mandatory who

contracts in its own name is personally bound to the performance of the contract until the principal is disclosed. La. Civ. Code arts. 3017, 3018. Independent of the above conditions, a mandatary may be held personally liable if it exceeds its authority. La. Civ. Code art. 3019.

Regardless of the specific circumstances of the agency relationship, if an agent wishes to avoid personal liability when, as here, it initially contracted in its own name, the agent has the burden of proving that it disclosed its agency status and the identity of its principal. *GWS Eng'g, Inc. v. Gomez*, 2012-1888 (La. App. 1 Cir. 9/17/13); 135 So. 3d 71, 74 (citing *Frank's Door & Bldg. Supply, Inc. v. Double H. Construction Co., Inc.*, 459 So.2d 1273, 1275 (La. App. 1 Cir. 1984)). Determining whether the agent put the party with whom it was dealing on notice of a principal-agent relationship is a factual determination to be decided on a case-by-case basis. *Id.* at 76. Therefore, being a mandatary does not create a complete defense under certain facts, such as if the disclosure of the principal was inadequate. *See id.* at 76. Moreover, there remains the open questions of what authority the principal gave Defendant and whether Defendant acted within its authority. *See* La. Civ. Code art. 3019. Accordingly, Defendant's first defense is insufficient to warrant dismissal of Plaintiff's complaint.

Second, Defendant argues that it is not liable to Plaintiff because the sales contract included a waiver of warranty clause that specifically described all sales "as is." Rec. Doc. 11-1 at 10-14. In order for a waiver of warranty to be effective, three requirements must be met: (1) "[t]he waiver must be written in clear and unambiguous terms;" (2) "[t]he waiver must be contained in the sale and chattel mortgage document;" and (3) "[t]he waiver must either be brought to the attention of the buyer or explained to him." *Voitier, Sr. v. Antique Art Gallery*, 524 So.2d 80, 84 (La. App. 3 Cir. 4/6/1988) (internal quotation and citation omitted). This test involves a factual inquiry ill-suited for consideration at the motion to dismiss stage.

That is especially true in this case because the "as is" warranty is more nuanced than Defendant suggests in its briefing. Defendant's warranty states that "Neal Auction Company may . . . consider any reasonable request for rescission of a sale on the basis of authenticity of authorship of a work of art," which is precisely what Plaintiff seeks to do here. Rec. Doc. 11-3 at 3. Moreover, the disclaimer of warranty appeared in an e-mail exchange between Defendant and Mallinger, rather than in the bill of sale or invoice. *See id.* Therefore, due consideration of all the facts may render the warranty ineffective, which means that it would be inappropriate to dismiss the complaint at this point in the proceedings. *See, e.g.*, *Voitier* 524 So.2d at 84 (holding that a

disclaimer of warranty was ineffective when it appeared inside the front cover of an art gallery's catalogue and not the bill of sale or invoice).

New Orleans, Louisiana, this 2nd day of April, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE